1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DUNNE, et al., | Case No. 2:18-cv-09728-MWF-JC |
| Petitioner, | |
| v. | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| THAHESHA JUSINO, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the "Petition for Relief in the Nature of Mandamus" ("Petition"), the parties' submissions in connection with respondent's Motion to Dismiss the Petition and Motion for Summary Judgment, and all of the records herein, including the Report and Recommendation of United States Magistrate Judge filed on March 31, 2021 ("Report and Recommendation") (Docket No. 77), and petitioner Dunne's objections thereto filed on May 4, 2021 ("Objections") (Docket No. 82).[1]

---

[1]Petitioner Farrugia did not file any objections to the Report and Recommendation. Farrugia was released from prison on December 2, 2020, and did not file a change of address with the Court. See Report and Recommendation at 3 & n.2 (discussing Farrugia's failure to address motions that were pending before the Court and subsequent release).

1   The Court has made a *de novo* determination of those portions of the Report

2   and Recommendation to which objection is made.  The Court concurs with and

3   accepts the findings, conclusions, and recommendations of the United States

4   Magistrate Judge, and overrules the Objections.  The Court has considered and

5   overruled all of Dunne's Objections and addresses certain portions thereof below.

6   Dunne's Objections take issue with the Magistrate Judge's detailed summary

7   of petitioners' grievances and their requests for relief.  See Objections at 1-14.  As

8   for a basis for jurisdiction, Dunne again asserts that the Court has mandamus

9   jurisdiction to consider petitioners' issues with the alleged failure to follow

10  grievance procedures at FCI Victorville.  Id. at 15-22.  Petitioner argues that the

11  Warden's duties are non-discretionary, ministerial and so plainly prescribed to be

12  free from doubt to give rise to mandamus jurisdiction because the governing

13  regulations provide that the Warden "shall" acknowledge and respond to requests.

14  See Objections at 15-16 (citing, *e.g.*, 28 C.F.R. §§ 542.11, 542.18).  As the

15  Magistrate Judge explained, however, these regulations when read together do not

16  suggest that prisoners have an absolute right to a response, see Report and

17  Recommendation at 6 & n.5, 19 (discussing same), and the regulations clearly

18  reserve to the Warden/Regional Director/General Counsel discretion to establish

19  the procedures for receiving, recording, reviewing, investigating and responding to

20  administrative remedy requests.  See 28 C.F.R. § 542.11(a)(1).  Against this

21  backdrop, petitioners have not met their burden in showing non-discretionary acts

22  to which they have a clear and indisputable right.  Additionally, petitioners have

23  not shown they have no other adequate remedy available.  See Report and

24  Recommendation at 21-22.

25  Accordingly, IT IS HEREBY ORDERED that (1) the Motion to Dismiss is

26  granted and the "Petition for Relief in the Nature of Mandamus" and this action are

27  dismissed without prejudice; (2) the Motion for Summary Judgment is denied

28  ///

2

as moot; and (3) the Clerk shall enter Judgment accordingly and shall serve copies of this Order and the Judgment herein on petitioners and counsel for respondent.

IT IS SO ORDERED.

DATED: September 10, 2021

_____

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE